*E-FILED - 12/9/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ULYSSES DAVIS, JR., | No. C 03-4334 RMW (PR) |
| Plaintiff, | ORDER REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; DENYING PENDING MOTIONS; INSTRUCTIONS TO CLERK |
| v. | |
| MARIN COUNTY JAIL, et al., | |
| Defendants. | (Docket Nos. 92, 95) |

Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical care and was subject to the use of excessive force while he was an inmate at the Marin County Jail. On September 30, 2008, the court granted defendants' motion for summary judgment on plaintiff's medical claims, and denied the motion on plaintiff's claims of excessive force. Plaintiff has filed motions to alter or amend the court's order and for appointment of counsel, and defendants have filed a trial statement. The court will deny plaintiff's motions, refer the instant case to the Pro Se Prisoner Settlement Program, and stay this action pending settlement proceedings.

A.   Plaintiff's Motions

Plaintiff has filed a motion to alter or amend the September 30, 2008 order. Where, as here, the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling

may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b).[1]  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Moreover, in the Northern District of California, no motion for reconsideration may be brought without leave of court. See Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).

Here, plaintiff does not present any materially different facts or law that could not have been discovered with the exercise of reasonable diligence, any change in material facts or law occurring since the time of the order, or a manifest failure by the court to consider material facts presented to the court.  Rather, plaintiff's motion is dedicated to the arguments raised in opposing the summary judgment motion, and raises nothing to alter the court's conclusion that plaintiff received adequate medical care, that his complaints amount to no more than a difference of opinion between himself and the medical professionals regarding the treatment he needed, and that there was no evidence that the treatment he received was medically improper.  Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of

---

[1] A motion to alter or amend judgment under Rule 59 is brought after entry of judgment. See Fed. R. Civ. P. 59(e).

1  the court.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th

2  Cir. 1981).  Plaintiff's motion to alter or amend the September 30, 2008 order is DENIED.

3  Plaintiff's motion for appointment of counsel is DENIED at this time for want of exceptional

4  circumstances.

5  B.      Referral to Pro Se Prisoner Settlement Program

6         The Northern District of California has established a Pro Se Prisoner Settlement Program.

7  Certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner

8  settlement proceedings.  The proceedings will consist of one or more conferences as determined by

9  Magistrate Judge Nandor Vadas.  The conferences shall be conducted with defendants, or the

10 representative for defendants, attending by videoconferencing if they so choose.

11        Good cause appearing, the instant case is REFERRED to Magistrate Judge Vadas for

12 settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  The proceedings shall

13 take place **within ninety (90) days** of the date this order is filed.  Defendants' counsel shall contact

14 Judge Vadas **within twenty-one (21) days of the date this order is filed** to schedule a date for the

15 settlement conference in this matter.

16        Magistrate Judge Vadas shall coordinate a time and date for a settlement conference with all

17 interested parties or their representatives and, **within ten (10) days** after the conclusion of the

18 settlement proceedings, file with the court a report regarding the prisoner settlement proceedings.

19        The clerk of court shall deliver the court file or a copy thereof, including a copy of this order,

20 to Magistrate Judge Vadas in Eureka, California.  The instant case is STAYED pending the

21 settlement conference proceedings.

22        This order terminates docket numbers 92 and 95.

23        **IT IS SO ORDERED.**

24        DATED:  12/5/08                    *Ronald M. Whyte*
                                             RONALD M. WHYTE
25                                           United States District Judge

26

27

28

3